**Joseph FOSTER, Petitioner–Appellant,**

v.

**William PHILLIPS, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

No. 07–4487–pr.

United States Court of Appeals, Second Circuit.

May 6, 2009.

Monica R. Jacobson, New York, N.Y., for Petitioner.

Vincent Rivellese, Assistant District Attorney, for Robert Morgenthau, District Attorney, New York County (Michael S. Morgan, ADA, on the brief), New York, N.Y., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges and Hon. J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

Petitioner–Appellant Joseph Foster ("Foster") appeals from a judgment of the United States Court for the Southern District of New York (Swain, *J.*) dismissing as untimely his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in which he challenges his conviction for murder in the second degree under New York State law. We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

Although Foster concedes that his petition is untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), he argues that we must still consider the petition because he claims to have obtained documents establishing his "actual innocence." We need not decide that issue for even if such an exception exists, it would not be implicated here. "To be credible," an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Since our concern is with "factual innocence, not mere legal insufficien-

cy," *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), our focus is on the "probative force of relevant evidence," which means we consider evidence even if it "was either excluded or unavailable at trial," *Schlup*, 513 U.S. at 327–28, 115 S.Ct. 851. An "actual innocence" claim "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Id.* at 329, 115 S.Ct. 851. In other words, "absolute certainty about the petitioner's guilt or innocence is not required," *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), but the petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327, 115 S.Ct. 851 (internal quotation marks omitted).

Foster contends that new documents show that he was not guilty of shooting murder victim Jerry Venson because they "unequivocally identify[ ] John Hale [Foster's alleged accomplice] as the individual who had shot Venson." The documents in question are a signed statement of Albert Ankrah and a police report detailing the substance of an interview police conducted with Ankrah after his arrest; both documents are dated November 13, 1996, approximately two weeks after Venson's murder. In the statement, Ankrah attests that, while in his apartment at nine o'clock on the evening of the shooting, he "heard a shot" coming from the street. When he went to the window, he saw John Hale ("Hale") "stand[ ] over" Venson and "fire once into [Venson's] head" with a "black gun, an automatic." The police report describes Ankrah's interview testimony dif-

---

* The Honorable J. Garvan Murtha, United States District Judge, District of Vermont, sitting by designation.

ferently, stating Ankrah "watched ... [Hale] shoot ... [Venson] and that when [Venson] went down [Hale] stood over him and fired another shot while [Venson] was on the ground."

Prior to trial, the prosecution provided Foster with a Bill of Particulars that indicated that the prosecution's theory of Foster's guilt was that he either fired the bullet that killed Venson or he served as Hale's accomplice by also shooting at Venson. At trial, the prosecution produced eye-witness testimony of concerted shooting action involving Foster and Hale; and near the close of trial, the judge, after discussing the issue with the prosecutor and defense counsel, decided that the jury should receive an instruction on accomplice liability *in light of the trial evidence,* and so instructed the jury. Since Foster's new evidence showing that Hale rather than Foster shot the bullet that killed Venson does nothing to show that Foster did not act as Hale's accomplice, Ankrah's recollection does not create doubt about Foster's role as Hale's accomplice. This new evidence therefore fails to show that it was more likely than not that no reasonable juror would have convicted Foster of Venson's murder.

For the foregoing reasons, the judgment of the district court is AFFIRMED.